**JOYCE C. LONDON, P.C.**
ATTORNEY AT LAW
59 MAIDEN LANE, 6TH FLOOR
NEW YORK, NY 10038

Tel: 212 964-3700                                                                                                    Fax: 212 566-7501
Email: jlondonlaw@aol.com

January 27, 2022

*By ECF and By Email*
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> Application Granted. Defendant Burman's term of supervised release is hereby TERMINATED. The Clerk of the Court is directed to terminate the letter motion at docket number 829.
>
> Dated: January 31, 2022
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:    *United States v. Marina Burman*,
       16 Cr 763 (LGS)

Dear Judge Schofield:

This letter is an application that the Court terminate Ms. Burman's term of supervised release.

1. **Background**

On May 17, 2018, defendant Marina Burman was sentenced to a term of imprisonment of three years, followed by three years of post-release supervision after pleading guilty to conspiring to commit mail fraud, health care fraud and wire fraud in violation of 18 U.S.C. 1349(f) and health care fraud in violation of 18 U.S.C. 1347(f). Her sentence also included monetary punishments. Specifically, she was ordered to forfeit $3,415,363.00, make restitution in the amount of $3,415,363.00 and pay a fine of $50,000. 00. The restitution order also required that she make an immediate lump sum payment of $2,250,000.00. Ms. Burman was released from custody to a halfway house on December 19, 2019 where she remained until May 19, 2020. Thus, she began her term of supervised release on May 19, 2020.

2. **The Current Application**

Ms. Burman is seeking early termination of her term of supervised release in order to be of assistance to one of her daughters when this daughter relocates from Long Island, NY with her husband and four young children (aged 11, 7, 5 and 3) to reside in Israel in May, 2022. Ms. Burman's daughter and son-in-law are both medical doctors who will be working in Israel. Ms. Burman currently provides regular and ongoing child care help to her daughter and now her daughter has asked Ms. Burman to provide continuing assistance to the family in Israel when they first relocate as both parents will be working. Her daughter believes that it will take a few weeks to get the family established and the children in a school and pre-school routine with adequate childcare when necessary in the evenings and on weekends.

Hon. Lorna G. Schofield                                                                                             January 27, 2022

3.  **Applicable Law**

When determining whether to grant such an application, the Court is instructed under 18 U.S.C. § 3583 to consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). The statutory factors are: the nature and circumstances of the offense and the characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the Sentencing Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims of the offense. *United States v. Harris*, 689 F.Supp.2d 692, 694 (S.D.N.Y. 2010).

Where a defendant, who was convicted for conspiracy to distribute one kilogram or more of heroin, had complied with all directives of supervised release, never been difficult to locate, never had any run-ins with law enforcement, successfully completed an outpatient drug program, and never failed any drug tests, the court granted his request for early termination of supervised release. *United States v. Rentas*, 573 F. Supp. 2d 801 (S.D.N.Y. 2008). The court in *Rentas* concluded that the defendant's "exemplary law-abiding behavior" demonstrated "changed circumstances" that warranted termination of supervised release in accordance with § 3553(a) and (3583(e). Id.

4. **Discussion**

Ms. Burman has already served 20 months of her three-year term of supervised release. Therefore, as a threshold matter, by completing more than one year of supervised release, Ms. Burman qualifies under § 3583(e)(l) for early termination.

While in prison, Ms. Burman displayed exemplary behavior.  She was never disciplined nor were there any incidents of poor judgment or behavior.   She abided by the rules and served her time peacefully.  Moreover, while in custody, she successfully completed the six-month residential drug abuse treatment program and numerous other courses in business management, women's issues,  physical fitness and personal improvement.  Clearly, Ms. Burman's behavior was that of a "model prisoner" as referred to by the courts in *Harris* and *Rentas*.  Her model behavior continued into her term at the halfway house and has further continued throughout her term of supervised release.  According to U.S. Probation Officer Vincent Danielo of the Eastern District of New York Probation Office, Ms. Burman has been compliant with the conditions of supervision and is assigned to the Low Intensity Unity which is the lowest form of supervision in the Eastern District of New York.

Hon. Lorna G. Schofield                                                                                           January 27, 2022

      It is respectfully submitted that the relocation of Ms. Burman's daughter and her four children from the United States to Israel and their concomitant need for Ms. Burman to reside with the family in Israel for a few weeks to provide transitional childcare represents "changed circumstances" not contemplated at the imposition of her term of supervised release and which warrant early termination. Ms. Burman has routinely provided ongoing childcare assistance to her daughter's family since both parents have work schedules that frequently require hospital night shifts. Additionally, during the summers when the children are off from school, Ms. Burman provides regular childcare assistance as is necessitated by the parents' schedules.

      I have discussed this application with United States Probation Officer Vincent Danielo who has advised me that the Probation Department has no objection to Ms. Burman's early termination of supervised release application. I have also discussed this application with Assistant United States Attorney David Lewis and he has advised me that the government similarly has no objection to Ms. Burman's application provided that she understands that her restitution and monetary obligations will continue after the termination of her supervised release and that they will be monitored by the Civil Division of the U.S. Attorney's Office for the Southern District of New York. I have discussed this condition with Ms. Burman and am confident that she both understands it and is fully prepared to continue to make the monthly payments on her restitution and penalty obligations.

**5. Conclusion**

      Accordingly, it is respectfully requested that the Court grant Ms. Burman's motion to terminate the remainder of her supervised release term with a condition that her monetary obligations remain in place.

                                                                             ` Respectfully submitted,

                                                                                            /s/

                                                                     Joyce C. London

cc.:    AUSA David Lewis (By ECF and By Email)
         U.S. Probation Officer Vincent Danielo (By ECF and By Email)